IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20384
Summary Calendar
_____


ELZIA ALLEN RICHARDSON,

                                        Petitioner-Appellant,

VERSUS

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1865
--------------------
June 26, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The district court denied habeas corpus relief to Elzia Allen
Richardson, Texas state prisoner # 522518, and he appeals.  We
AFFIRM.

     After the district court denied Richardson a certificate of
appealability (COA), a judge of this court granted him a COA,
limited to the issue of whether the Texas Court of Criminal Appeals
unambiguously based its dismissal of his state habeas petition on
a procedural bar.  Richardson has in effect abandoned this point by

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failing to brief it.  See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Additionally, "[w]e may affirm a judgment on any ground supported by the record." Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997), cert. denied, 525 U.S. 969 (1998).  Richardson's habeas claim is that the state trial court denied him due process by overruling his challenge of venireperson Emma Lopez for cause.  She served on the jury, however, because Richardson used his peremptory challenges to excuse ten other venirepersons.  The defense did not ask the court for an additional peremptory challenge or object to the jury as it was ultimately constituted.

Under the law of Texas, "[i]n order to preserve error on a challenge for cause [to a prospective juror], the defendant must exhaust his peremptory challenges, request additional peremptory challenges, identify a member of the jury as objectionable, and claim that he would have struck the juror with a peremptory challenge." Broussard v. State, 910 S.W.2d 952, 956-57 (Tex. Crim. App. 1995) (en banc).  The record shows that Richardson's counsel complied with only the first of these requirements.

On similar facts, this court has affirmed the denial of habeas relief to another Texas prisoner.  Callins v. Collins, 998 F.2d 269, 277 (5th Cir. 1993).  Because Richardson clearly was not denied due process by Lopez's serving on his jury and since he has failed to argue the COA issue, the district court's denial of habeas relief to him is due to be affirmed.

JUDGMENT AFFIRMED.